UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NANCY STUMP,

    Plaintiff,

v.                          Case No.:  2:23-cv-621-JLB-KCD

HALLMARK RETAIL, LLC,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Hallmark Retail, LLC's Motion to Compel Arbitration. (Doc. 19.)[1] Plaintiff Nancy Stump responded (Doc. 25), making this matter ripe. For the reasons below, Hallmark's motion is granted, and this dispute is ordered to arbitration.

Stump is suing Hallmark, her former employer, for unlawful discrimination. (*See* Doc. 1.) Stump's onboarding paperwork with Hallmark contained an arbitration agreement. (Doc. 19-1.) It states, among other things, that "covered claims" must be resolved through binding arbitration if not resolved internally. (*Id.*) The term "covered claims" includes allegations of discrimination and harassment. (*See* Doc. 19-2.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Arbitration is simply a matter of contract. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Given arbitration requires consent, a court presented with a motion to compel arbitration must assess three factors: (1) whether a valid agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived. *See Abellard v. Wells Fargo Bank, N.A.*, No. 19-CV-60099, 2019 WL 2106389, at *2 (S.D. Fla. May 14, 2019). "The court must grant a motion to compel arbitration if it is satisfied that the parties agreed to arbitrate the claims at issue." *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010).

Stump does not deny that she signed the arbitration agreement. Nor does she claim that arbitration was waived or that her claims fall outside the agreement. Stump's only defense is that Hallmark's internal grievance procedure "ended with Hallmark deciding in their own favor." (Doc. 25 at 2.) But that does not negate the arbitration clause or excuse her from compliance. Stump agreed to arbitrate claims of discrimination if not resolved internally, as here, and thus arbitration is where this dispute must now go. *See Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1315 (11th Cir. 2002) (explaining that "compulsory arbitration agreements for employment discrimination claims [are] lawful").

One last issue. Stump requests that "the Arbitrator [be] an Honorable Judge residing in the court defending the U.S. Constitution fairly." (Doc. 25 at

2

2.) The parties' contract provides that Stump's claims must go to "an independent third-party" for adjudication. (Doc. 19-1.) The Court cannot rewrite this condition and appoint an arbiter of Stump's choosing. *See, e.g.*, *In re Checking Acct. Overdraft Litig. MDL No. 2036*, 674 F.3d 1252, 1256 (11th Cir. 2012). But Stump can rest assured that Hallmark must abide by this condition too—the arbiter will be an independent third party.

Accordingly, it is now **ORDERED**:

1. Defendant Hallmark Retail, LLC's Motion to Compel Arbitration (Doc. 19) is **GRANTED**. The parties are directed to arbitrate this case promptly in accordance with their agreement.

2. The clerk is directed to add a stay flag to the docket. This case will remain **STAYED** until the parties advise the Court that (1) arbitration has been completed and (2) the stay should be lifted, or the case should be dismissed.

3. The parties must notify the Court of the above within seven (7) days of the arbitration concluding. The parties are otherwise directed to file a joint report on the status of arbitration on August 13, 2024, and every ninety (90) days after until arbitration concludes.

**ENTERED** in Fort Myers, Florida on May 13, 2024.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record