UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NANCY STUMP,

Plaintiff,

v.

Case No. 2:23-cv-621-KCD-KRH

HALLMARK RETAIL, LLC, ATT: ANN BOLDT-VP AND ENTERPRISE DEVELOPMENT;

Defendant,
_______________________________/

# ORDER

Over two years ago, Plaintiff Nancy Stump sued her former employer, Hallmark Retail, LLC, for discrimination. Because her onboarding paperwork contained an arbitration clause, this Court sent the dispute to arbitration. (Doc. 26.)[1] On June 15, 2026, the arbitrator entered summary judgment for Hallmark and dismissed Stump's claims. (Doc. 41-1.) Hallmark now moves to confirm that award (Doc. 41), and Stump seeks to set it aside (Doc. 56). Stump maintains that the arbitrator "failed to decide multiple material issues and arguments that [she] actually submitted for adjudication" while wholesale adopting Hallmark's position. (*Id.* at 1.)

The Federal Arbitration Act creates a narrow judicial role in these disputes. "Section 9 of the FAA provides that, upon application of any party

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

to the arbitration, the court *must* confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with sections 10 and 11 of the statute." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the prescribed exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).

"Section 10 of the FAA provides the exclusive grounds for [challenging] arbitration awards." *Griffin v. Lynch*, No. 1:24-CV-02726-LMM, 2024 WL 4953435, at *1 (N.D. Ga. Oct. 7, 2024). Under that section, a court may set aside an award in only four scenarios: when it was procured by corruption or fraud; when the arbitrator was evidently partial; when the arbitrator committed serious procedural misconduct, such as refusing to hear material evidence; or when the arbitrator exceeded his powers. 9 U.S.C. § 10(a)(1)-(4).

Stump's primary argument is that the arbitrator "imperfectly executed" her powers under § 10(a)(4) by failing to address every argument raised regarding religious accommodation, sincerity, and undue hardship. (Doc. 56 at 2.) The Court is not persuaded. "Obtaining vacatur of an arbitration award under § 10(a)(4) is a high hurdle because [i]t is not enough ... to show that the [arbitrators] committed an error—or even a serious error." *S. Mills, Inc. v. Nunes*, 586 F. App'x 702, 704 (11th Cir. 2014). "Rather, [i]t is only when an

arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Id.*

That is not what happened here. In a detailed fourteen-page opinion, the arbitrator laid out the undisputed facts, applied the relevant Title VII framework, and methodically explained why Stump's claims fell short. (Doc. 41-1.) She found that Stump's objections to masking rested on personal health preferences rather than bona fide religious beliefs. And that exempting an unvaccinated, customer-facing employee from the safety protocol would have created an undue hardship for the company. Stump may wish the arbitrator had spent more time unpacking every tangential issue she pressed, but the law does not demand an exhaustive rebuttal of the parties' briefing. *See, e.g.*, *Twin Falls NSC, LLC v. S. Idaho Ambulatory Surgery Ctr., LLC*, No. 1:19-CV-00009-DCN, 2019 WL 4602811, at *12 (D. Idaho Sept. 23, 2019) ("[A]n arbitrator is not required to delve into every argument made by the parties, or to provide a detailed rationale for each and every line of damages awarded."); *NAFTA Holdings, LLC v. First Nat'l Bank Grp. Inc.*, No. CV B: 13-221, 2014 WL 12588518, at *12 (S.D. Tex. Mar. 20, 2014).

But even if the arbitrator let a few issues slip through the cracks, Stump fails to explain how those omissions undermine the decision. She

complains that the arbitrator ignored her arguments about Hallmark's shifting rationale, the intricacies of OSHA compliance, and Florida's specific pandemic regulations. Yet she never connects the dots. She fails to explain how addressing those secondary points would have altered the arbitrator's core conclusion that keeping an unmasked, unvaccinated employee on a public sales floor presented an undue hardship.

Stump alternatively claims the arbitrator committed misconduct under § 10(a)(3) by failing to "meaningfully . . . consider" her evidence and procedural objections. (Doc. 56 at 15.) To succeed under this provision, a party must show that the arbitrator's refusal to hear evidence prejudiced their rights and deprived them of a fundamentally fair hearing. *Rosensweig v. Morgan Stanley & Co.*, 494 F.3d 1328, 1333 (11th Cir. 2007).

For starters, Stump does not actually argue that the arbitrator refused to receive her evidence. Just the opposite, her motion highlights the extensive briefing, exhibits, and arguments she submitted. The arbitrator accepted those submissions, reviewed them, and simply found Hallmark's legal framing more persuasive. (*See* Doc. 41-1.)

As best the Court can tell, Stump's arguments under § 10(a)(3) are the same as above—the arbitrator did not address the issues she wanted. But "arbitrators are not obliged to follow all the niceties observed by the federal courts," nor must they write exhaustive opinions cataloging every point.

*ARMA, S.R.O. v. BAE Sys. Overseas, Inc.*, 961 F. Supp. 2d 245, 262 (D.D.C. 2013). By all accounts, Stump had a full and fair opportunity to present her case. The fact that the arbitrator did not synthesize the record exactly as she wanted does not mean her evidence went unheard. Stump has not shown that she was deprived of a fundamentally fair hearing, and her dissatisfaction with the arbitrator's decision does not amount to misconduct.

One last issue. Stump complains about the arbitrator's disclosures, pointing out that she presided over eighteen prior matters involving defense counsel over the past decade. (Doc. 56 at 17.) Stump suggests this history somehow taints the process, but she has not shown any actual evidence of bias. Under the FAA, a party trying to prove impartiality must establish bias that is "direct, definite and capable of demonstration rather than remote, uncertain and speculative." *Lifecare Int'l, Inc. v. CD Med., Inc.*, 68 F.3d 429, 433 (11th Cir. 1995). Stump offers nothing of that sort here. Without concrete proof that the arbitrator's judgment was compromised, Stump's conclusory assertion is entirely unhelpful and gives the Court no reason to second-guess the process.

Stump wraps her dissatisfaction with the arbitration award in the FAA's statutory language of "imperfect execution" and "misconduct." 9 U.S.C. § 10(a)(3)-(4). But peeling back those labels reveals no more than an ordinary disagreement with the decision. Because Stump has failed to identify any

valid statutory basis to vacate the arbitration award, this Court's textual command is clear: it *must* confirm the decision. *Hall St. Assocs., L.L.C.*, 552 U.S. at 587.

Accordingly, it is now **ORDERED**:

1. Hallmark's Motion to Confirm the Arbitration Award (Doc. 41) is **GRANTED**. The arbitration award (Doc. 41-1) is confirmed and incorporated as the final judgment in this case.

2. Stump's Motion to Vacate the Arbitration Award (Doc. 56) is **DENIED**.

3. The Clerk is directed to enter judgment in Hallmark's favor, terminate all pending deadlines, and close the case.

**ENTERED** in Fort Myers, Florida on September 9, 2026.

Kyle C. Dudek
United States District Judge